# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Patrick Ivan Brown (R-27588), | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 13 C 4419 |
| | ) | |
| v. | ) | |
| | ) | Judge: Amy J. St. Eve |
| Wexford Health Sources, et. al, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Michael Lemke's motion to dismiss [21] is granted. Lemke is dismissed as a Defendant. The dismissal is without prejudice and, if Plaintiff seeks to keep Lemke as a Defendant, he must file an amended complaint that states a valid claim against him. If the Court receives no amended complaint by February 24, 2014, the Court will consider this case as proceeding against only Dr. Obaisi and Wexford Health Sources, the two remaining Defendants. Plaintiff's motion for attorney representation [29] is denied without prejudice.

## STATEMENT

Plaintiff Patrick Brown initiated this 42 U.S.C. § 1983 action against Dr. Obaisi, Wexford Health Sources, and former Stateville Warden Michael Lemke. Currently before the Court is Lemke's motion to dismiss. For the reasons stated below, the Court grants the motion and dismisses Lemke without prejudice to Plaintiff filing an amended complaint that states a valid claim against him.

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Put differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). Also, it is well established that courts construe *pro se* complaints liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (("A document filed pro se is to be liberally

construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citation and internal quotation marks omitted).

Plaintiff's complaint asserts the following: On January 7, 2013, he slipped while attempting to climb down from his upper bunk to use the bathroom. He fell and twisted his back and neck. Compl. at 4-5. Soon after the accident, he saw Dr. Obaisi, who diagnosed a pulled muscle in Plaintiff's neck and prescribed Methocarbamol, a pain medication and/or muscle-relaxant. Compl. at 6. Plaintiff alleges that he took the Methocarbamol as prescribed, that it did not work and that he wrote to health care personnel many times for follow-up care. *Id.* He did not see another doctor until April 15, 2013, at which time Dr. Williams prescribed more pain medication and requested x-rays. *Id.* X-rays were taken on April 18, 2013, but, at the time Plaintiff filed this suit, he had not heard the results. He states he was in severe pain and no one attempted to learn the cause of it. *Id.*

Plaintiff provides a very detailed account of his accident, his injury, and the ineffectiveness of the medication and medical care he allegedly received in the Statement of Claims section of his complaint (section IV). *See* Compl. at 4-6. Nowhere, however, does he mention Lemke in this section. *Id.* Lemke's name appears only in response to two emergency grievances attached to the complaint. In his first emergency grievance dated January 20, 2013, similar to his complaint, Plaintiff provides a detailed account of the accident and contends that he should not have been on the top bunk due to a prior injury. Compl. at 9-10, Exh. 1. He further states that he had taken his medication as prescribed, had put in a request for a follow-up visit, but had not received one. *Id.*. In response to the emergency grievance, Lemke marked the box stating that the grievance was not an emergency and that Plaintiff "should submit the grievance in the normal manner." Compl., at 9. The grievance indicates that it was received on February 11, 2013, and that Lemke signed it on February 12, 2013. *Id.*

Plaintiff's second emergency grievance, dated February 11, 2013, states the following: his fall exacerbated an old injury; after taking medication as prescribed, he put in two requests to be seen at the health care unit but received no response; he was still experiencing upper body weakness, as well as tingling and numbness in his hands and fingers; and he was too weak to climb back up to his bunk if he climbed down during the night, resulting in him spending the night on the floor. Compl. 15-16, Exh. 3. In response to Plaintiff's second grievance, Lemke again marked the box stating that it was not an emergency and that Plaintiff should submit his grievance in the normal manner. Compl. 15. The dates on the grievance indicate that Lemke received it on March 1, 2013, and signed it the same day. *Id.*

"Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011), citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim of deliberate indifference, Plaintiff must assert facts that, if true, demonstrate: (1) he suffered an objectively serious medical condition and (2) the defendant actually knew about the condition but took no reasonable steps to address it. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

When a prisoner is under the care of a physician, a non-medical defendant, such as Lemke, can rely on the expertise of medical personnel. *Arnett*, 658 F.3d at 755; *Greeno*, 414 F.3d at 656,

citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). A prison warden is "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). However, "nonmedical officials can 'be chargeable with ... deliberate indifference' where they have 'a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.'" *Arnett*, 658 F.3d at 755, quoting *Hayes v. Snyder*, 546 F.3d 516, 525 (7th Cir. 2008).

The two emergency grievances attached to Plaintiff's complaint, by themselves, are not enough to state a deliberate indifference claim against Lemke. For a prison official to be personally liable, he must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Generally, the denial of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir.2011); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "If there is 'no personal involvement by the warden [in an inmate's medical care] outside the grievance process,' that is insufficient to state a claim against the warden." *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451 at *3 (N.D. Ill. June 13, 2013) (Kennelly, J.), quoting *Gevas v. Mitchell*, 492 Fed. Appx. 654, 660 (7th Cir. 2012).

Lemke's refusal to consider two emergency grievances as emergencies, which is all Plaintiff's complaint alleges even under a liberal construction, by itself, does not indicate that Lemke caused or participated in Plaintiff's alleged inadequate medical care and does not state a claim. *See Neely*, 2013 WL 3321451 at *3, and *Gevas*, 492 Fed. Appx. at 660 (both cases holding that allegations that wardens did not act on emergency grievances complaining of inadequate follow up care for an infected tooth were insufficient to state deliberate indifference claims against the wardens); *see also Arnett,* 658 F.3d at 756 (a prison officer's refusal to do more than refer an inmate back to medical personnel when inmate repeatedly complained that his medication was inadequate did not amount to deliberate indifference).

The Court notes an additional problem with allowing Plaintiff to proceed against Lemke based solely on the two emergency grievances. Both grievances consist of narratives discussing Plaintiff's accident, inadequate medical care, unsuccessful attempts to return for follow-up care, and an inability to get assigned to a lower bunk. If Lemke was personally involved, Plaintiff's narratives suggest several different claims. While the Court will liberally construe a *pro se* litigant's complaint, the Court cannot assert Plaintiff's claims for him. A complaint must connect the alleged violation to the defendant. *See Christensen v. County of Boone, Illinois*, 483 F.3d 454, 459 (7th Cir. 2007). If Plaintiff seeks to proceed against Lemke, Plaintiff must clarify what claims he seeks to assert against him.

Accordingly, Lemke's motion to dismiss is granted, and he is dismissed as a Defendant. The complaint may proceed against Dr. Obaisi and Wexford. If Plaintiff seeks to keep Lemke as a Defendant, Plaintiff must submit an amended complaint that states a valid claim against him. Plaintiff is advised that an amended complaint replaces previously filed complaints. If an amended complaint is filed and accepted, the Court will look only to the amended complaint, and not prior

ones, to determine the claims and parties of this case. Plaintiff must therefore include in the amended complaint all the claims he seeks to bring in this case and all the parties he seeks to sue, i.e., he must reallege his claims against Dr. Obaisi and Wexford to ensure that they remain Defendants. Plaintiff is given until February 24, 2014 to submit an amended complaint. His failure to do so will result in the Court considering this case as proceeding against only Dr. Obaisi and Wexford, the current Defendants.

Plaintiff seeks attorney representation in this case. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Nevertheless, the Court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The Court must first consider whether the litigant has made reasonable attempts to secure counsel on his own, or if he has been effectively precluded from doing so. *Id.* at 654. The Court must then evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55.

Plaintiff states he has "written attorneys seeking representation but ha[s] not received responses." Doc. 29. The statement is somewhat vague and it is unclear whether it satisfies the first requirement of *Pruitt*; however, assuming that it does, recruitment of counsel is not warranted at this time. Defendants in this case have only recently answered the complaint and the case is still in the early stages of discovery. *See Romanelli*, 615 F.3d 851-52 (noting that counsel is often not necessary at the early stages of a case). At present, although Plaintiff has not stated a claim against former Warden Lemke, his pleadings are coherent and articulate, and the record indicates no difficulties thus far with Plaintiff representing himself. Plaintiff includes with his motion a mental health treatment plan from April of 2012, which indicates that he was receiving medications for a mood disorder and substance abuse, *see* Doc. 29; however, Plaintiff states nothing about his current psychiatric condition and there is no indication that his 2012 mental health condition affects his current ability to represent himself. His motion for counsel representation is thus denied without prejudice. The Court may revisit this issue at a later stage of the case.

Date: January 23, 2014

AMY J. ST. EVE
United States District Court Judge