**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Patrick Ivan Brown (R-27588), | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 13 C 4419 |
| | ) | |
| v. | ) | |
| | ) | Judge: Amy J. St. Eve |
| Wexford Health Sources, et. al, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff's motion for attorney representation [45] is denied without prejudice. The court may revisit whether to enlist counsel for Plaintiff at a later stage of this case.

**STATEMENT**

Plaintiff Patrick Brown's 42 U.S.C. § 1983 action against Dr. Obaisi and Wexford Health Sources asserts that he received inadequate medical care for a neck injury he sustained when he slipped descending from his upper bunk. According to Plaintiff, he was never called for follow-up visits after he complained that the medication initially prescribed was not working. Currently before the court is Plaintiff's second motion for attorney representation.

As acknowledged by Plaintiff, there is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010). Nevertheless, the court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The court must first consider whether the litigant has made reasonable attempts to secure counsel on his own, or if he has been effectively precluded from doing so. *Id.* at 654. The court must then evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. Id. at 654-55. Although Plaintiff has demonstrated that he has unsuccessfully sought to obtain representation, enlistment of an attorney is not warranted at this time.

The legal issues of this case – whether Dr. Obaisi acted with deliberate indifference to Plaintiff's injuries and whether Wexford had a policy or custom of condoning the providing of inadequate care – are not complex, and the parties have only recently begun the discovery process. Plaintiff should attempt to conduct discovery by forwarding interrogatories (written questions), as well as requests for production of documents, to Dr. Obaisi and Wexford through their attorney. *See* Rules 33 and 34 of the Federal Rules of Civil Procedure. Plaintiff's interrogatories and requests for documents should be designed to obtain information about whether Dr. Obaisi was aware of but disregarded Plaintiff's complaints of pain and requests for medical attention. Thus far in this case,

Plaintiff's pleadings, whether written by him or by an inmate assisting him, are very clear and demonstrate his understanding of the legal issues. His pleadings and participation at status hearings indicate that he is competent to conduct discovery in this case. Furthermore, the court has directed Defendants and Plaintiff to confer about discovery and Defendants should be providing Plaintiff with discovery materials. Even though Plaintiff previously sought a psychiatric evaluation (the specifics for which were not stated), based upon his pleadings and participation thus far, Plaintiff's medical and/or psychiatric conditions do not appear to affect his ability to represent himself. His current request for attorney representation is denied. *See Romanelli*, 615 F.3d 852-53. The court may revisit whether to recruit counsel at a later stage of this case; however, recruitment is not needed at this time.

**Dated:** July 15, 2014           **ENTERED**

                                                                    _____
                                                                    **AMY J. ST. EVE**
                                                                    **United States District Court Judge**